Exhibit A



**Registered Agent Solutions, Inc.**
*Corporate Mailing Address*
5301 Southwest Parkway, Suite 400
Austin, TX  78735

**Phone:** (888) 705-7274

# SERVICE OF PROCESS RECEIPT

2024-04-15

Sarah Clayton
**Loyal Source Government Services LLC**
12612 Challenger Parkway
Suite 365
Orlando, FL 32826 USA

**NOTICE OF CONFIDENTIALITY**
This notice and the information it contains are intended to be  a confidential communication only to the individual and/or entity to whom it is addressed. If you have received this notice in error, immediately call our SOP Department at (888) 705-7274.

**RE: Loyal Source Government Services LLC**

This receipt is to inform you that Registered Agent Solutions, Inc. has received a Service of Process on behalf of the above-referenced entity as your registered agent and is hereby forwarding the attached document(s) for your immediate review. A Summary of the service is shown below; however, it is important that you review the attached document(s) in their entirety for complete and detailed information.
 For additional information and instruction, contact the document issuer: LOYR, APC

**SERVICE INFORMATION**
Service Date:     2024-04-15
Service Time:     3:23 PM PDT
Service Method: Process Server

**RASi REFERENCE INFORMATION**
Service No.:  0306717
RASi Office:  CA
Rec. Int. Id.:  AXS

**CASE INFORMATION**
Case Number: 24STCV09310
File Date:        04/15/2024
Jurisdiction:    CALIFORNIA SUPERIOR COURT, LOS ANGELES COUNTY
Case Title:      ELIZABETH MACIAS V. LOYAL SOURCE GOVERNMENT SERVICES LLC,

**ANSWER / APPEARANCE INFORMATION**

30 days          *(Be sure to review the document(s) for any required response dates)*

**AGENCY / PLAINTIFF INFORMATION**
Firm/Issuing Agent: LOYR, APC
Attorney/Contact:   ZACHARIAH E. MOURA
Location:               California
Telephone No.:      213-318-5323

**DOCUMENT(S) RECEIVED & ATTACHED**
 Complaint
 Summons
 Notice: OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE
 Demand for Jury Trial
 OtherDetail: CIVIL CASE COVER SHEET & ADDENDUM

**ADDITIONAL NOTES:**

**Questions?** Should you have any questions or need additional assistance, please contact the SOP Department at (888) 705-7274.

You have been notified of this Service of Process by Insta-SOP Delivery, a secure email transmission.  The transmitted documents have also been uploaded to your Corpliance account. RASi offers additional methods of notification including Telephone Notification and FedEx Delivery.  If you would like to update your account's notification preferences, please log into your Corpliance account at www.rasi.com.

*Thank you for your continued business!*

**SUM-100**

# SUMMONS ON FIRST AMENDED COMPLAINT
## *(CITACION JUDICIAL)*

| |
|---|
| **FOR COURT USE ONLY** *(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
LOYAL SOURCE GOVERNMENT SERVICES LLC, a Florida limited liability company; and DOES 1 through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ELIZABETH MACIAS, an individual

Electronically FILED by
Superior Court of California,
County of Los Angeles
4/15/2024 12:35 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By S. Bolden, Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Stanley Mosk Courthouse

111 N. Hill St., Los Angeles, CA 90012

| CASE NUMBER: *(Número del Caso):* |
|---|
| 24STCV09310 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Young W. Ryu, Esq., LOYR, APC, 1055 W. 7th Street, Suite 2290, Los Angeles, CA 90017, (213) 318-5323

DATE: ~~April 15, 2024~~
*(Fecha)* 04/15/2024   David W. Slayton, Executive Officer/Clerk of Court   Clerk, by *(Secretario)* S. Bolden , Deputy *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Loyal Source Government Services LLC
   under: ☒ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

**LOYR, APC**
YOUNG W. RYU, ESQ. (SBN 266372)
young.ryu@loywr.com
ZACHARIAH E. MOURA, ESQ. (SBN 279508)
zach.moura@loywr.com
KEE SEOK MAH, ESQ. (SBN 345736)
kee.mah@loywr.com
HARLEY PHLEGER, ESQ. (SBN 351851)
harley.phleger@loywr.com
1055 West 7th Street, Suite 2290
Los Angeles, California 90017
Telephone: (213) 318-5323
Facsimile: (800) 576-1170

Attorneys for Plaintiff ELIZABETH MACIAS

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES**

| | |
|---|---|
| ELIZABETH MACIAS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>LOYAL SOURCE GOVERNMENT SERVICES LLC, a Florida limited liability company; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 24STCV09310<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES**<br><br>1. Employment Discrimination (Disability) (Violation of Gov. Code § 12940(a))<br><br>2. Failure to Prevent Discrimination and Retaliation (Violation of Gov. Code § 12940(k))<br><br>3. Failure to Provide Reasonable Accommodation (Violation of Gov. Code § 12940(m))<br><br>4. Failure to Engage in a Timely, Good Faith, Interactive Process (Violation of Gov. Code § 12940(n))<br><br>5. Retaliation for Exercising Rights under the FEHA (Violation of Gov. Code § 12940(h))<br><br>6. Wrongful Termination in Violation of Public Policy<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT FOR DAMAGES**

Electronically Received 04/15/2024 12:35 PM

Plaintiff ELIZABETH MACIAS ("PLAINTIFF"), an individual, complains and alleges as follows:

## JURISDICTION AND VENUE

1.     The California Superior Court has jurisdiction over this action pursuant to California Constitution Article VI, Section 10, which grants the Superior Court "original jurisdiction in all causes except those given by statute to other trial courts."  The statutes under which this action is brought do not specify any other basis for jurisdiction.

2.     The California Superior Court has jurisdiction over DEFENDANTS because Defendant LOYAL SOURCE GOVERNMENT SERVICES LLC ("LOYAL") does business within the State of California.

3.     Pursuant to California Code of Civil Procedure section 395(a), venue is proper in the County of Los Angeles because DEFENDANTS' obligations and liability arose, at least in part, therein, and because the alleged injuries sustained by PLAINTIFF occurred in the County of Los Angeles.

## PARTIES

4.     PLAINTIFF is, and at all times herein relevant, was an individual and a resident of the State of California. From on or around November 1, 2020, to on or around January 3, 2022, PLAINTIFF was employed by DEFENDANTS.

5.     PLAINTIFF is informed and believes, and upon such information and belief alleges that, at all times herein relevant, LOYAL was the "employer" of PLAINTIFF within the meaning of all applicable California state laws and statutes.

6.     PLAINTIFF is informed and believes, and upon such information and belief alleges that, at all times herein relevant, Defendants LOYAL and DOES 1 through 50, inclusive, and each of them, were the agents, partners, joint venturers, joint employers, representatives, servants, employees, successors-in-interest, co-conspirators, and assigns, each of the other, and all times relevant hereto were acting within the course and scope of their authority as such agents, partners, joint venturers, joint employers, representatives, servants, employees, successors-in-interest, co-conspirators, and assigns, and all acts or omissions alleged herein were duly committed with the

1

COMPLAINT FOR DAMAGES

1 | ratification, knowledge, permission, encouragement, authorization, and consent of each defendant

2 | designated herein.

3 |     7.    The true names and capacities, whether corporate, associate, individual, or

4 | otherwise, of defendants DOES 1 through 50, inclusive, are presently unknown to PLAINTIFF

5 | who sues said defendants by such fictitious names. PLAINTIFF is informed and believes, and

6 | upon such information and belief, alleges that each of the defendants designated as DOE is in some

7 | manner responsible and liable for the wrongs and damages as alleged below, and in so acting, was

8 | functioning as the agent, servant, partner, and employee of the codefendants; and in doing such

9 | actions mentioned below, was acting within the course and scope of his or her authority as such

10 | agent, servant, partner, and employee with the permission and consent of the codefendants.

11 | PLAINTIFF will seek leave of court to amend this Complaint to show the true names and

12 | capacities when the same have been ascertained.

13 |     8.    Defendants LOYAL and DOES 1 through 50, inclusive, will be hereinafter

14 | collectively referred to as "DEFENDANTS."

15 | **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

16 |     9.    PLAINTIFF timely filed complaints against DEFENDANTS under Government

17 | Code sections 12940, et seq., the California Fair Employment and Housing Act ("FEHA"), with

18 | the California Civil Rights Department ("CRD"); and received a "Right to Sue" Notice from CRD

19 | on April 12, 2024. As such, PLAINTIFF has satisfied the administrative prerequisites with respect

20 | to all of her claims arising under the FEHA and all related filings.

21 | **ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

22 |     10.    From on or about November 1, 2020, and until DEFENDANTS wrongfully

23 | terminated PLAINTIFF on or about January 4, 2022, DEFENDANTS employed PLAINTIFF as a

24 | "Public Health Analyst". PLAINTIFF worked at the Tom Bradley International Terminal at LAX.

25 |     11.    During PLAINTIFF's time working for DEFENDANTS, she experienced high

26 | levels of stress due to DEFENDANTS' lack of staffing. PLAINTIFF would not be afforded her

27 | required meal and rest breaks, and this was exacerbated by PLAINTIFF's pre-existing diabetes

28 |

2

**COMPLAINT FOR DAMAGES**

1    condition. Additionally, PLAINTIFF and other employees would be forced to work overtime but

2    were not paid the elevated rate for any overtime hours worked.

3         12.    When PLAINTIFF complained about the working conditions, one of her

4    supervisors told PLAINTIFF "You are old enough, you can handle it!"

5         13.    PLAINTIFF and other employees of DEFENDANTS complained directly to site

6    supervisor Jessica V (last name unknown) ("Jessica") about not getting the breaks she was entitled

7    to, but Jessica did nothing to fix any of the issues.

8         14.    PLAINTIFF's stress elevated to a level where she developed hives from the stress.

9    PLAINTIFF went to her doctor, who put her off work as she recovered. PLAINTIFF's last day of

10   work for DEFENDANTS was December 14, 2021.

11        15.    PLAINTIFF attempted to provide DEFENDANTS her doctor's note before she

12   began her leave of absence. However, DEFENDANTS refused to accept PLAINTIFF's doctor

13   notes, and instead terminated her on January 4, 2022.

14        16.    PLAINTIFF is informed and believes and based thereon alleges that

15   DEFENDANTS intentionally and willfully took the aforementioned adverse employment actions

16   and disparate treatment because of her actual or perceived disability and for exercising her rights.

17        17.    DEFENDANTS have provided documents that claim they terminated PLAINTIFF

18   on or around June 21, 2022, hoping to avoid claims that they terminated PLAINTIFF due to her

19   disability. However, PLAINTIFF was terminated by email on January 5, 2022, effective January

20   3, 2022.

21        18.    As a result of the aforementioned wrongful conduct by DEFENDANTS,

22   PLAINTIFF experienced, and continues to experience emotional distress.

23        19.    As a result of the aforementioned adverse employment actions committed against

24   PLAINTIFF, PLAINTIFF experienced, and continues to experience, pain and suffering.

25                     **FIRST CAUSE OF ACTION**

26           **EMPLOYMENT DISCRIMINATION (DISABILITY)**

27         **(Violation of California Government Code § 12940(a))**

28            **(By PLAINTIFF Against all DEFENDANTS)**

<div align="center">3</div>

20.     PLAINTIFF repeats and re-alleges the allegations set forth above, and incorporates the same by reference as though fully set forth herein.

21.     DEFENDANTS are "employers" within the meaning of, and are subject to the FEHA, California Government Code sections 12900, et seq., as employers of five (5) or more employees pursuant to section 12926, subdivision (d).

22.     At all times relevant hereto, the FEHA was in full force and effect and was binding upon DEFENDANTS.

23.     As such term is used under the FEHA, "on the basis enumerated in this part" means or refers to discrimination on the basis of one or more of the protected characteristics under the FEHA.

24.     Government Code sections 12926 and 12940, and the accompanying regulations shall "be broadly construed to protect applicants and employees from discrimination due to an actual or perceived physical or mental disability or mental condition that is disabling, potentially disabling or perceived to be disabling or potentially disabling." (2 Cal. Code Regs. § 11064(b).) The term "disability . . . shall be construed broadly in favor of expansive coverage by the maximum extent permitted by the terms of the [FEHA]." (*Id.*)

25.     Government Code section 12940, subdivision (a) prohibits an employer from discriminating against a person with a physical or mental disability and/or perceived disability, whether in compensation or in terms, conditions, or privileges of employment.

26.     The FEHA defines "disability" to include (1) "[h]aving a record or history of a disease, disorder, condition, cosmetic disfigurement, anatomical loss, or health impairment [that constitutes a physical disability], which is known to the employer"; (2) "[b]eing regarded or treated by the employer . . . as having, or having had, any physical condition that makes achievement of a major life activity difficult"; or (3) "[b]eing regarded or treated by the employer . . . as having, or having had, a disease, disorder, condition, cosmetic disfigurement, anatomical loss, or health impairment that has no present disabling effect but may become a physical disability." (Gov. Code § 12926, subd. (k)(3)–(5).) Under the "regarded as" theory, an actual or

4

**COMPLAINT FOR DAMAGES**

1  existing disability is not necessary. (*Gelfo v. Lockheed Martin Corp.* (2006) 140 Cal.App.4th 34,

2  52-53.).

3       27.    As detailed above and incorporated herein by reference, DEFENDANTS were

4  made aware that PLAINTIFF suffered from disability conditions, namely diabetes, hives, and

5  work-related stress. PLAINTIFF was able to perform her essential job duties with reasonable

6  accommodation(s). As set forth above, PLAINTIFF is a person protected from discrimination on

7  the basis of an actual and/or perceived disability under the FEHA.

8       28.    PLAINTIFF was subjected to differential treatment and retaliation by

9  DEFENDANTS because of her actual and/or perceived disability. PLAINTIFF's actual and/or

10  perceived disability was a substantial motivating factor in DEFENDANTS terminating

11  PLAINTIFF's employment.

12       29.    PLAINTIFF is informed and believes and based thereon alleges that she was

13  subjected to disparate treatment by DEFENDANTS based on her actual and/or perceived

14  disability.

15       30.    As a direct, legal, and proximate cause of PLAINTIFF's aforementioned status,

16  DEFENDANTS discriminated against PLAINTIFF on the basis of her actual and/or perceived

17  disability.

18       31.    As a direct, foreseeable, and proximate result of DEFENDANTS' acts as alleged

19  above, PLAINTIFF has suffered lost income, employment, and career opportunities, and has

20  suffered and continues to suffer other economic losses, the precise amount of which will be proven

21  at trial.

22       32.    As a direct, foreseeable, and proximate result of DEFENDANTS' acts as alleged

23  above, PLAINTIFF has suffered and continues to suffer pain and suffering, the precise amount of

24  which will be proven at trial.

25       33.    DEFENDANTS' conduct was a substantially motivating factor in causing

26  aforementioned harm.

27       34.    Under the FEHA, PLAINTIFF is entitled to an award of reasonable attorney's fees

28  and costs.

**COMPLAINT FOR DAMAGES**

Wherefore, PLAINTIFF prays for judgment as set forth below.

## SECOND CAUSE OF ACTION

### FAILURE TO PREVENT DISCRIMINATION AND RETALIATION

### (Violation of California Government Code § 12940(k))

### (By PLAINTIFF Against all DEFENDANTS)

35.    DEFENDANTS, inclusive are "employers" within the meaning of, and are subject to the FEHA, Government Code sections 12900, et seq., as employers of five (5) or more employees pursuant to section 12926, subdivision (d).

36.    At all relevant times, the FEHA, including in particular Government Code section 12940, subdivision (k), was in full force and effect and was binding upon DEFENDANTS.

37.    "In accordance with ... the fundamental public policy of eliminating discrimination in the workplace under the FEHA, it has been concluded that retaliation is a form of discrimination actionable under California Government Code section 12940(k)."  (See *Taylor v. City of Los Angeles Dept. of Water & Power* (2006) 144 Cal.App.4th 1216, 1240, disapproved on other grounds in *Jones v. The Lodge at Torrey Pines Partnership* (2008) 42 Cal. 4th 1158.)

38.    FEHA requires employers to take all reasonable steps to prevent discrimination and retaliation including the institution by employer of policies, procedures and practices that include prompt and effective remedial procedures, and appropriate training, monitoring and disciplinary measures.  (See Gov. Code §§ 12940 (j)–(k).)

39.    DEFENDANTS' policies, procedures and practices were inadequate for prevention, monitoring and remediation of discrimination and retaliation.  To the extent that any such policies, procedures and practices existed, employees, including supervisors, were insufficiently trained or made aware of those policies and procedures for the policies and procedures to prevent discrimination and retaliation from occurring. Once DEFENDANTS were made aware of discriminatory and retaliatory conduct by a supervisor, they failed to take measures to prevent discrimination and retaliation against PLAINTIFF.

40.    As a direct, foreseeable, and proximate result of DEFENDANTS' acts as alleged above, PLAINTIFF has suffered lost income, employment, and career opportunities, and has

6

1    suffered and continues to suffer other economic losses, the precise amount of which will be proven

2    at trial.

3          41.    As a direct, foreseeable, and proximate result of DEFENDANTS' conduct, as

4    alleged above, PLAINTIFF has suffered and continues to suffer pain and suffering, the precise

5    amount of which will be proven at trial.

6          42.    DEFENDANTS' conduct was a substantially motivating factor in causing

7    aforementioned harm.

8          43.    Under the FEHA, PLAINTIFF is entitled to an award of reasonable attorney's fees

9    and costs.

10         Wherefore, PLAINTIFF prays for judgment as set forth below.

11                          **THIRD CAUSE OF ACTION**

12             **FAILURE TO PROVIDE REASONABLE ACCOMMODATION**

13             **(Violation of California Government Code § 12940(m))**

14                   **(By PLAINTIFF Against all DEFENDANTS)**

15         44.    PLAINTIFF repeats and re-alleges the allegations set forth above and incorporates

16   the same by reference as though fully set forth herein.

17         45.    DEFENDANTS are "employers" within the meaning of, and subject to the FEHA,

18   California Government Code sections 12900, et seq., as employers of five (5) or more employees

19   pursuant to section 12926, subdivision (d).

20         46.    At all times relevant hereto, the FEHA, in particular Government Code sections

21   12940, 12945 and 12926, was in full force and effect and was binding upon DEFENDANTS.

22         47.    Government Code section 12940, subdivision (m) provides that it is an unlawful

23   employment practice "[f]or an employer . . . to fail to make reasonable accommodation for the

24   known physical or mental disability of an applicant or employee."

25         48.    Government Code section 12945, subdivision (a)(3)(A) also provides that it is an

26   unlawful employment practice "[f]or an employer . . . to refuse to provide reasonable

27   accommodation for an employee for a condition related medical condition, if the employee so

28   requests, with the advice of the employee's health care provider."

<center>7</center>

---

<center>**COMPLAINT FOR DAMAGES**</center>

49.     Government Code section 12926, subdivision (p) provides that reasonable accommodation may include either of the following: (1) making existing facilities used by employees readily accessible to, and usable by, individuals with disabilities; or (2) job restricting, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devises, adjustment or modifications of examinations, training materials or policies, the provision of qualified readers or interpreters, and other similar accommodations for individuals with disabilities.

50.     An employer "is required to consider any and all reasonable accommodations of which it is aware or that are brought to its attention" by an employee, unless they pose an undue hardship.  (Cal. Code Regs., tit. 2, § 11068(e).)

51.     The employer "shall consider the preference of the applicant or employee to be accommodated, but has the right to select and implement an accommodation that is effective for both the employee and the employer or other covered entity." (*Id.*)

52.     Unless the employer proves an undue hardship, "[a]n individual with a record of a disability may be entitled . . . to a reasonable accommodation if needed and related to the residual effects of the disability.  For example, an employee may need a leave or a schedule change to permit him or her to attend follow-up or monitoring appointments with a health care provider" (Cal. Code Regs., tit. 2, § 11068(g).).

53.     As detailed above and incorporated herein by reference, DEFENDANTS, were made aware that PLAINTIFF suffered from a disability. PLAINTIFF was able to perform her essential job duties with or without reasonable accommodation(s).

54.     DEFENDANTS failed to reasonably accommodate PLAINTIFF, including, but not limited to, retaliating against her.

55.     As a direct, foreseeable, and proximate result of DEFENDANTS' acts as alleged above, PLAINTIFF has suffered lost income, employment, and career opportunities, and has suffered and continues to suffer other economic losses, the precise amount of which will be proven at trial.

8

**COMPLAINT FOR DAMAGES**

56.     As a direct, foreseeable, and proximate result of DEFENDANTS' acts as alleged above, PLAINTIFF has suffered and continues to suffer pain and suffering, the precise amount of which will be proven at trial.  DEFENDANTS' conduct was a substantially motivating factor in causing the aforementioned harm to PLAINTIFF.

57.     Under the FEHA, PLAINTIFF is entitled to an award of reasonable attorney's fees and costs.

Wherefore, PLAINTIFF prays for judgment as set forth below.

## **FOURTH CAUSE OF ACTION**

### **FAILURE TO ENGAGE IN A TIMELY, GOOD FAITH INTERACTIVE PROCESS**

**(Violation of California Government Code § 12940(n))**

**(By PLAINTIFF Against all DEFENDANTS)**

58.     PLAINTIFF repeats and re-alleges the allegations set forth above and incorporates the same by reference as though fully set forth herein.

59.     DEFENDANTS are "employers" within the meaning of, and are subject to the FEHA, California Government Code sections 12900, et seq., as employers of five (5) or more employees pursuant to section 12926, subdivision (d).

60.     At all times relevant hereto, the FEHA was in full force and effect and was binding upon DEFENDANTS.

61.     The FEHA makes it an unlawful employment practice to fail to engage in a timely, good faith, interactive process with an employee and/or the employee's physician to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee with a known physical or mental disability or medical condition. (Cal. Gov. Code § 12940(n).)

62.     Moreover, an employer "has an affirmative duty to make reasonable accommodation(s) for the disability of any individual applicant or employee if the employer . . . knows of the disability, unless the employer . . . can demonstrate, *after engaging in the interactive process*, that the accommodation would impose an undue hardship." (Cal. Code Regs., tit. 2, § 11068(a) (emphasis added).)

9

63.     Furthermore, if there is a need to "identify or implement an effective, reasonable accommodation for an employee or applicant with a disability, the FEHA requires *a timely, good faith, interactive process* between an employer or other covered entity and an applicant, employee, or the individual's representative, with a known physical or mental disability or medical condition." (Cal. Code Regs., tit. 2, § 11069(a).)  During such an interactive process, both the employer and the employee, or his or her representative, must exchange "essential information identified" in title 2, section 11069 of the California Code of Regulations, "*without delay or obstruction of the process.*" (*Id.* [emphasis added].)

64.     An employer is required to initiate an interactive process when:

> (1) an applicant or employee with a known physical or mental disability or medical condition requests reasonable accommodations;
>
> (2) the employer . . . becomes aware of the need for an accommodation through a third party or by observation; or
>
> (3) the employer . . . becomes aware of the possible need for an accommodation because the employee with a disability has exhausted leave under the California Worker's Compensation Act, for the employee's own serious health condition under the CFRA and/or the [Family Medical Leave Act] . . . and yet the employee or the employee's health care provider indicates that further accommodation is still necessary for recuperative leave or other accommodation for the employee to perform the essential functions of the job." (Cal. Code Regs, tit. 2, § 11069(b).)

65.     An employer is required to follow the procedures outlined in Title 2, sections 11069, subdivisions (c)(1) through (c)(9) of the California Code of Regulations when engaging in the interactive process and assessing whether an employee may be accommodated through an alternate position or any other potential accommodations.  This requirement to engage in a timely, good faith interactive process also applies in circumstances in which an employer perceives and/or regards an employee as disabled. (*Gelfo v. Lockheed Martin Corp.* (2006) 140 Cal.App.4th 34, 61).

66.     As detailed above and incorporated herein by reference, DEFENDANTS were made aware that PLAINTIFF suffered from disability conditions. PLAINTIFF was able to perform her essential job duties with reasonable accommodation(s).

10

**COMPLAINT FOR DAMAGES**

67.    In violation of California Government Code Section 12940(n) and the aforementioned regulations, DEFENDANTS failed to engage in a timely, good faith, interactive process with PLAINTIFF to determine effective reasonable accommodations regarding her disability. Instead, DEFENDANTS subjected PLAINTIFF to adverse employment actions.

68.    As a direct and proximate result of the above-described acts of DEFENDANTS, PLAINTIFF has suffered lost income, employment, and career opportunities, and has suffered and continues to suffer other economic losses, the precise amount of which will be proven at trial.

69.    As a direct, foreseeable, and proximate result of DEFENDANTS' acts as alleged above, PLAINTIFF has suffered and continues to suffer pain and suffering, the precise amount of which will be proven at trial.

70.    DEFENDANTS' failure to participate in a timely good-faith interactive process with PLAINTIFF was a substantially motivating factor in causing aforementioned harm.

71.    Under the FEHA, PLAINTIFF is entitled to an award of reasonable attorney's fees and costs.

Wherefore, PLAINTIFF prays for judgment as set forth below.

**FIFTH CAUSE OF ACTION**

**RETALATION FOR EXERCISING RIGHTS UNDER THE FEHA**

**(Violation of California Government Code § 12940(h))**

**(By PLAINTIFF Against all DEFENDANTS)**

72.    PLAINTIFF repeats and re-alleges the allegations set forth above and incorporates the same by reference as though fully set forth herein.

73.    DEFENDANTS are "employers" within the meaning of, and are subject to the FEHA, California Government Code sections 12900, et seq., as employers of five (5) or more employees pursuant to section 12926, subdivision (d).

74.    At all times relevant hereto, the FEHA, including in particular California Government Code section 12940, subdivision (h), was in full force and effect and was binding upon DEFENDANTS.

11

**COMPLAINT FOR DAMAGES**

75.     California Government Code section 12940, subdivision (h) prohibits covered employers and/or persons from retaliating against employees for exercising any rights under the FEHA.

76.     PLAINTIFF exercised her rights under the FEHA and engaged in legally protected activity including by giving DEFENDANTS doctor's notes outlining her medical conditions and requesting reasonable work accommodations. Here, PLAINTIFF is informed and believes that DEFENDANTS retaliated against her.

77.     As a direct, foreseeable, and proximate result of DEFENDANTS' acts, as alleged above, PLAINTIFF has suffered lost income, employment, and career opportunities, and has suffered and continues to suffer other economic losses, the precise amount of which will be proven at trial.

78.     As a direct, foreseeable, and proximate result of DEFENDANTS' conduct, as alleged above, PLAINTIFF has suffered and continues to suffer pain and suffering, the precise amount of which will be proven at trial.

79.     DEFENDANTS' conduct was a substantially motivating factor in causing aforementioned harm.

80.     Under the FEHA, PLAINTIFF is entitled to an award of reasonable attorney's fees and costs.

Wherefore, PLAINTIFF prays for judgment as set forth below.

## SIXTH CAUSE OF ACTION

### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

### (By PLAINTIFF Against all DEFENDANTS)

81.     PLAINTIFF repeats and re-alleges the allegations set forth above, and incorporates the same by reference as though fully set forth herein.

82.     PLAINTIFF was employed by DEFENDANTS at all times herein.

83.     DEFENDANTS terminated PLAINTIFF's employment as described above because of her actual or perceived disability, and because of her exercising the rights under the FEHA. These acts by DEFENDANTS were in violation of public policy of the State of California

12

1  inter alia as evidenced by Article I, §1, of the California Constitution, as well as enactment of the

2  California Fair Employment Housing Act (Government Code Section 12900, et seq.).

3      84.    As a direct, foreseeable, and proximate result of DEFENDANTS' conduct, as

4  alleged above, PLAINTIFF has suffered lost income, employment, and career opportunities, and

5  has suffered and continues to suffer other economic losses, the precise amount of which will be

6  proven at trial.

7      85.    As a direct, foreseeable, and proximate result of DEFENDANTS' conduct, as

8  alleged above, PLAINTIFF has suffered and continues to suffer pain and suffering, the precise

9  amount of which will be proven at trial.

10      86.    As a result of the foregoing conduct of DEFENDANTS, PLAINTIFF incurred and

11  continues to incur attorneys' fees and costs.  PLAINTIFF is entitled to, and demands, an award of

12  reasonable attorney's fees pursuant to California Code of Civil Procedure section 1021.5.

13                              **PRAYER FOR RELIEF**

14      **WHEREFORE**, PLAINTIFF prays for judgment against DEFENDANTS, and each of

15  them, as follows:

16      1.    For a money judgment representing compensatory damages, including lost wages,

17  loss of earning potential, employee benefits, and all other sums of money, together with interest

18  on these amounts; for other special damages; and for general damages for pain and suffering;

19      2.    For a declaratory relief reaffirming PLAINTIFF's equal standing under the law and

20  condemning DEFENDANTS' discriminatory and retaliatory practices;

21      3.    For injunctive relief preventing and barring DEFENDANTS' discriminatory and

22  retaliatory employment policies and practices in the future;

23      4.    For prejudgment interest on each of the foregoing at the legal rate from the date on

24  which the obligation became due through the date of judgment in this matter;

25      5.    For post-judgment interest;

26      6.    For reasonable attorneys' fees, pursuant to Government Code section 12965,

27  California Code of Civil Procedure section 1021.5; and/or any other basis;

28

**COMPLAINT FOR DAMAGES**

7.      For costs of suit incurred herein, including expert witness fees pursuant to The FEHA, and/or any other basis; and

8.      For any other relief that is just and proper.

<div align="center">Respectfully submitted,</div>

Dated: April 15, 2024                              **LOYR, APC**

Young W. Ryu, Esq.
Zachariah E. Moura, Esq.
Kee Seok Mah, Esq.
Harley Phleger, Esq.
Attorney for Plaintiff ELIZABETH MACIAS

<div align="center">14</div>

**COMPLAINT FOR DAMAGES**

## DEMAND FOR JURY TRIAL

PLAINTIFF demands a trial by jury as to all issues so triable.

Respectfully submitted,

Dated:  April 15, 2024                          **LOYR, APC**

Young W. Ryu, Esq.
Zachariah E. Moura, Esq.
Kee Seok Mah, Esq.
Harley Phleger, Esq.
Attorney for Plaintiff ELIZABETH MACIAS

15

**COMPLAINT FOR DAMAGES**

**CM-010**

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** (Name, State Bar number, and address):<br>Young W. Ryu, Esq. (SBN 266372); Zachariah E. Moura, Esq. (SBN 279508)<br>LOYR, APC, 1055 W 7th Street, Suite 2290, Los Angeles, CA 90017<br><br>TELEPHONE NO.: (213) 318-5323          FAX NO.: (800) 576-1170<br>EMAIL ADDRESS: zach.moura@loywr.com<br>ATTORNEY FOR (Name): Plaintiff ELIZABETH MACIAS | **FOR COURT USE ONLY**<br><br>**Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>4/12/2024 4:54 PM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By A. Munoz, Deputy Clerk** |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** LOS ANGELES
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: 111 N. Hill Street
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
ELIZABETH MACIAS v. LOYAL SOURCE GOVERNMENT SERVICES, et al.

| **CIVIL CASE COVER SHEET**<br>[x] Unlimited          [ ] Limited<br>(Amount                    (Amount<br>demanded               demanded is<br>exceeds $35,000)    $35,000 or less) | **Complex Case Designation**<br>[ ] Counter      [ ] Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>24STCV09310<br><br>JUDGE:<br><br>DEPT.: |
|---|---|---|

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation** |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint (not specified above) (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition (not specified above) (43) |
| [x] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is  [x] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [x] punitive
4. Number of causes of action (specify): Six (6)
5. This case [ ] is  [x] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: April 12, 2024
Zachariah E. Moura
_____
(TYPE OR PRINT NAME)                    ► _____
                                                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. January 1, 2024] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courts.ca.gov |

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

<div align="right">CM-010</div>

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

<div align="center">

**CASE TYPES AND EXAMPLES**

</div>

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*
**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil harassment)* (08)
  Defamation (e.g., slander, libel) (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
      or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner
      Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic
    relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

<div style="border-top:1px solid #000"></div>

CM-010 [Rev. January 1, 2024]                     **CIVIL CASE COVER SHEET**                     Page 2 of 2

Electronically FILED by
Superior Court of California,
County of Los Angeles
4/12/2024 4:54 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By A. Munoz, Deputy Clerk

| SHORT TITLE | CASE NUMBER |
|---|---|
| ELIZABETH MACIAS v. LOYAL SOURCE GOVERNMENT SERVICES, LLC, et al. | 24STCV09310 |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

| This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court |
|---|

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Courthouse Location (Column C) | |
|---|---|
| 1. Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7. Location where petitioner resides. |
| 2. Permissive filing in Central District. | 8. Location wherein defendant/respondent functions wholly. |
| 3. Location where cause of action arose. | 9. Location where one or more of the parties reside. |
| 4. Location where bodily injury, death or damage occurred. | 10. Location of Labor Commissioner Office. |
| 5. Location where performance required, or defendant resides. | 11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection). |
| 6. Location of property or permanently garaged vehicle. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| **Other Personal Injury/ Property Damage/ Wrongful Death** | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

| LASC CIV 109 Rev. 01/23 | CIVIL CASE COVER SHEET ADDENDUM | LASC Local Rule 2.3 |
|---|---|---|
| For Mandatory Use | AND STATEMENT OF LOCATION | |

| SHORT TITLE | CASE NUMBER |
|---|---|
| ELIZABETH MACIAS v. LOYAL SOURCE GOVERNMENT SERVICES, et al. | |

| | **A**<br>Civil Case Cover Sheet Case Type | **B**<br>Type of Action<br>(check only one) | **C**<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Other Personal Injury / Property Damage / Wrongful Death** | | ☐ 2307 Construction Accidents | 1, 4 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☑ 3601 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

| SHORT TITLE | CASE NUMBER |
|---|---|
| ELIZABETH MACIAS v. LOYAL SOURCE GOVERNMENT SERVICES, et al. | |

| | | **A**<br>Civil Case Cover Sheet Case Type | **B**<br>Type of Action<br>(check only one) | **C**<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|---|
| **Contract**<br>(Continued) | | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/ negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | | Eminent Domain/ Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br>Number of Parcels _____ | 2, 6 |
| | | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | | ☐ 2602 Quiet Title | 2, 6 |
| | | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | | Unlawful Detainer – Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
| | | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| ELIZABETH MACIAS v. LOYAL SOURCE GOVERNMENT SERVICES, et al. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Provisionally Complex Litigation (Continued)** | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | ☐ 4204 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

| SHORT TITLE | CASE NUMBER |
|---|---|
| ELIZABETH MACIAS v. LOYAL SOURCE GOVERNMENT SERVICES, et al. | |

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON:<br>☐ 1. ☑ 2. ☑ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11 | ADDRESS:<br>1 World Way |
|---|---|
| **CITY:** Los Angeles | **STATE:** CA  **ZIP CODE:** 90045 | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: __04/12/2024__

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (01/23).
5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 01/23
For Mandatory Use

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

LASC Local Rule 2.3

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>04/12/2024<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ A. Munoz _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER:<br>24STCV09310 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✓ | Christopher K. Lui | 76 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record    David W. Slayton, Executive Officer / Clerk of Court

on  04/15/2024                                                By A. Munoz                              , Deputy Clerk
      (Date)

LACIV 190 (Rev 6/18)                    **NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**
LASC Approved 05/06

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15 days after notice of assignment for all purposes** to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**



# Superior Court of California, County of Los Angeles

---

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

---

### What is ADR?
ADR helps people find solutions to their legal disputes without going to trial.  The main types of ADR are negotiation, mediation, arbitration, and settlement conferences.  When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR).  These alternatives to litigation and trial are described below.

### Advantages of ADR
- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:**  Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties):  Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:**  ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR
- **Costs:**  If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:**  ADR does not provide a public trial or decision by a judge or jury.

### Main Types of ADR
1. **Negotiation:**  Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial.  If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:**  In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all.  Mediators do not decide the outcome.  Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

## How to Arrange Mediation in Los Angeles County

Mediation for **civil cases** is voluntary and parties may select any mediator they wish.  Options include:

    a.  **The Civil Mediation Vendor Resource List**
        If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

- **ADR Services, Inc.** Assistant Case Manager Janet Solis, janet@adrservices.com (213) 683-1600
- **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

        **These organizations cannot accept every case and they may decline cases at their discretion.** They may offer online mediation by video conference for cases they accept.  Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

        **NOTE:  The Civil Mediation Vendor Resource List program does not accept family law, probate, or small claims cases.**

    b.  **Los Angeles County Dispute Resolution Programs.**  Los Angeles County-funded agencies provide mediation services on the day of hearings in small claims, unlawful detainer (eviction), civil harassment, and limited civil (collections and non-collection) cases. https://dcba.lacounty.gov/countywidedrp/

        **Online Dispute Resolution (ODR).**  Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.  https://my.lacourt.org/odr/

    c.  Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3.  **Arbitration:**  Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome.  In "binding" arbitration, the arbitrator's decision is final; there is no right to trial.  In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision.  For more information about arbitration, visit https://www.courts.ca.gov/programs-adr.htm

4.  **Mandatory Settlement Conferences (MSC):**  MSCs are ordered by the Court and are often held close to the trial date or on the day of trial.  The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement.  For information about the Court's MSC programs for civil cases, visit https://www.lacourt.org/division/civil/CI0047.aspx

Los Angeles Superior Court ADR website:  https://www.lacourt.org/division/civil/CI0109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm